

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 14,, 2015

**BY ECF**

The Honorable Shira Scheindlin
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:     <u>United States</u> v. <u>Gerardo Yanez,</u> 09 Cr. 216 (SAS)

Dear Judge Scheindlin:

      The Government respectfully submits this letter in advance of the sentencing of Gerardo Yanez, which is scheduled to occur on Wednesday, December 15, 2015 at 4:30 p.m. For the reasons set forth below, the Government believes that a sentence within the range prescribed by the United States Sentencing Guidelines ("U.S.S.G" or the "Guidelines"), as calculated in the parties' plea agreement, would be sufficient but not greater than necessary to achieve the objectives of sentencing.

### A. Factual Background

      As set forth in the PSR and in the Indictment in this matter, the defendant conspired to distribute, and possess with the intent to distribute, cocaine, in violation of Title 18, United States Code, Section 846. The investigation that led to the defendant's arrest involved multiple judicially-authorized wiretaps. The investigation targeted members of a narcotics conspiracy who trafficked hundreds of kilograms of cocaine over the United States/Mexico border and then distributed them throughout the United States. Targets of the investigation distributed drugs through, among other means, a network of truck drivers based in the United States. The defendant has admitted that, on two occasions, he delivered bags containing what he believed to be cocaine in the Brownsville area of Texas. The Government's evidence also indicates that the defendant communicated with, and facilitated transactions between, a cocaine supplier in Mexico (Gustavo Rodriguez) and a cocaine distributor in the United States who is described in the Indictment as CC-4.[1] CC-4 recruited and coordinated the illegal activities of truckers in the United States. The Indictment alleges that Yanez spoke with CC-4 with in May 2006 the

---

[1] While the defendant would have disputed certain evidence at trial concerning the precise nature of his role in the conspiracy, there is no disagreement by the parties as to the nature of the conspiracy or as to the defendant's willful and knowing participation it. Moreover, the Government does not contend that the defendant acted as a leader or organizer. Accordingly, the parties do not believe there is a need for a factual hearing prior to sentencing.

regarding collection of narcotics proceeds.  The defendant acknowledges that both before and after he committed the instant offense, he was a police officer in Mexico.  The defendant asserts that he was not a police officer at the time he committed the instant offense.

On September 14, 2015, the defendant pleaded guilty pursuant to a plea agreement to Count One of the Indictment.

### B.  United States Sentencing Guidelines Recommendation

The United States Probation Department calculates the defendant's total offense level to be 23, his Criminal History Category to be I, and his Guidelines Range to be 46 to 57 months' imprisonment. The PSR, however, incorrectly concludes that Mr. Yanez is eligible for a two-point reduction in his offense level due to compliance with the safety valve provision.  In fact, the defendant has not conducted a safety valve proffer with the Government.  Accordingly, and as defense counsel acknowledges in the defendant's submission, the defendant's offense level is 25 and his Guidelines range is 57 to 71 months' imprisonment (the "Stipulated Guidelines Range").

### C.  Applicable Law

The United States Sentencing Guidelines still provide strong guidance to the Court following *United States* v. *Booker*, 543 U.S. 220 (2005), and *United States* v. *Crosby*, 397 F.3d 103 (2d Cir. 2005).  Although *Booker* held that the Guidelines are no longer mandatory, it also held that the Guidelines remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing.  *Booker*, 543 U.S. at 264.  As the Supreme Court stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range" — that "should be the starting point and the initial benchmark."  *Gall* v. *United States*, 552 U.S. 38, 49 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); the four legitimate purposes of sentencing, *see id.* § 3553(a)(2); "the kinds of sentences available," *id.* § 3553(a)(3); the Guidelines range itself, *see id.* § 3553(a)(4); any relevant policy statement by the Sentencing Commission, *see id.* § 3553(a)(5); "the need to avoid unwarranted sentence disparities among defendants," id. § 3553(a)(6); and "the need to provide restitution to any victims," *id.* § 3553(a)(7).  *See Gall*, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

(A)     to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)     to afford adequate deterrence to criminal conduct;

      (C)     to protect the public from further crimes of the defendant; and

      (D)     to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

### D.  A Sentence Within the Stipulated Guidelines Range is Appropriate

The Government respectfully submits that, in considering the appropriate sentence, the factors applicable here pursuant to 18 U.S.C. § 3553(a) include the nature and seriousness of the offense and the need to afford adequate deterrence.  The Government submits that in applying the applicable Section 3553(a) factors, the circumstances of the defendant's offense conduct warrant a sentence within the Stipulated Guidelines Range.

First, the offense committed by the defendant was serious.  The defendant joined a narcotics conspiracy that caused the importation of hundreds of kilograms of cocaine into the United States.  Indeed, the defendant's submission acknowledges that he became involved in the conspiracy through his childhood friend in Mexico, whom Yanez knew was involved in narcotics trafficking and lived a "life of crime."  (Def. Mem. at 7.)  In committing the offense, the defendant acted to facilitate the joint activities of a drug supplier in Mexico and a distribution network in the United States. Moreover, although the defendant asserts that he engaged in narcotics trafficking to pay his daughter's health bills, it was, as the defendant acknowledges, "no excuse" for his crime. (*Id.*) This is particularly true because he was previously a police officer in Mexico and should have known better than to violate United States narcotics laws.

Second, a sentence of incarceration within the Guidelines range is necessary to ensure that the defendant and others are deterred from committing future crimes.  While the defendant has a number of characteristics that suggest he may not revert to criminal conduct, his susceptibility to the instant offense despite his former role as a police officer suggests that a substantial sentence of incarceration is necessary to ensure he does not commit additional crimes. Moreover, the cross-border narcotics trafficking industry has had deep and devastating effects on individuals and communities throughout the United States and Mexico, including the emergence of violence perpetrated by drug organizations and the exacerbation of gang-related activity and other social ills.  Accordingly, the Government respectfully submits that it is important for the Court to send a message that even narcotics defendants who play facilitation roles in large-scale conspiracies—by, for example, acting as middle-men and/or delivering drugs and the proceeds thereof—will face serious penalties.

       Accordingly, the Government respectfully submits that a sentence within the Stipulated Guidelines Range of 57 to 71 months' imprisonment would be sufficient but not greater than necessary to achieve the objectives of sentencing.

                            Respectfully submitted,

                            PREET BHARARA
                            United States Attorney
                            Southern District of New York

By:      /S/_____
                            Andrew DeFilippis
                            Assistant United States Attorney
                            (212) 637-2231

Cc:  Rita Glavin, Esq. (Via ECF)